# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN HAUG,** | ) | **CASE NO. 1:12 CV 485** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OPINION** |
| **PNC FINANCIAL SERVICES** | ) | |
| **GROUP, INC.,** *et al.***,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate

Judge William H. Baughman, Jr.  The Report and Recommendation (ECF # 14), submitted on

February 6, 2013, recommending that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P.

12(b)(6) (ECF #5) be granted in part as to Plaintiff's federal claims, and that Plaintiff's claims

based in Ohio law be dismissed without prejudice, is hereby ADOPTED by this Court.

### Procedural and Factual Background

Plaintiff, Kevin Huag, *pro se,* filed his complaint in this action on February 29, 2012

against Defendants The PNC Financial Services Group, Inc., PNC Bank, National Association

(collectively "PNC") and various John and Jane Does. (ECF #1) In his Report and

Recommendation, Magistrate Judge Baughman ably summarized Plaintiff's allegations and

claims as follows:

> In brief, the 47-page complaint alleges that in 2005 Haug, while
> working for the former National City Bank (NCB), an entity that later
> became PNC, applied for a debt consolidation loan, but that NCB failed to
> timely respond to his application and failed to answer his inquiries as to
> the cause of the delay, later telling him that he did not apply in proper
> fashion, and then misleading him – in retaliation for his status as a whistle-

blower –when he attempted to pursue a remedy through corporate channels and with the Comptroller of the Currency.

The complaint contends that these actions violated:

> (1) the federal Equal Credit Opportunity Act (ECOA),
>
> (2) the federal Financial Institutions Reform Recovery and Enforcement Act (FIRREA), and
>
> (3) the Ohio Deceptive Trade Practices Act (ODTPA).
>
> In addition, Haug contends that PNC has liability for the Ohio common law torts of fraudulent concealment, fraudulent misrepresentation, negligent misrepresentation, and negligence.

In its Motion to Dismiss PNC asserted that Plaintiff's claims for failure to provide notices and disclosures required by the ECOA are time-barred and that any discrimination claim arising under the ECOA fails to state a claim upon which relief may be granted because Plaintiff did not allege any adverse credit action as the result of being a member of a protected class or by reason of engaging in a protected activity. PNC contends that Plaintiff has failed to allege any adverse employment action against him which is necessary to state a claim of retaliation under FIRREA. PNC also asserted that Plaintiff failed to state a claim of relief on each of his state law claims as well.

In his Report and Recommendation.  Magistrate Judge Baughman recommended that PNC's  Motion to Dismiss be granted as to Plaintiff's ECOA failure of notice claims (Counts one and two) because they were untimely filed.  He further recommends that the discrimination charges of counts three, four and five be dismissed for failing to state a claim upon which relief may be granted under ECOA and/or because they are time barred. Magistrate Judge Baughman also recommends that Plaintiff's claim under FIRREA (count six) be dismissed for failure to

2

state a claim upon which relief may be granted because Plaintiff's 2002 report to his own bank supervisors does not constitute the provision of information "to any Federal banking agency" as that term is defined in FIRREA and so cannot form the basis of any retaliation claim under the statute and his August 10, 2010 communication with the Office of the Comptroller of the Currency took place subsequent to the alleged discriminatory and retaliatory acts of PNC and thus cannot form the basis for any retaliation by PNC that would be actionable under this statute. Finally, Magistrate Judge Baughman recommends that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims (counts seven, eight, nine, ten and eleven) pursuant to 28 U.S.C. § 1367(c)(3) once Plaintiff's federal claims are dismissed because this action has not proceeded beyond a fairly preliminary phase. As such he recommends that the state law claims be dismissed without prejudice.

Plaintiff has filed objections to the Report and Recommendation.

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

3

Accordingly, this Court will review the Report and Recommendation, to which timely objections have been filed, *de novo*. *See Dacas Nursing Support Sys., Inc. v. NLRB*, 7 F.3d 511 (6th Cir. 1993).

### Conclusion

The Court has reviewed the Report and Recommendation of Magistrate Judge Baughman *de novo*. *See Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993). The Court has also considered all of the pleadings, affidavits, motions, and filings of the parties. After careful evaluation of the record, the Report and Recommendation, and the objections filed by Plaintiff, this Court finds the Report and Recommendation issued by Magistrate Judge Baughman to be well researched and correct.

Accordingly, the Court hereby ADOPTS the Report and Recommendation issued by Magistrate Judge Baughman in its entirety. Defendants' Motion to Dismiss is granted as to Plaintiff's federal claims (counts one, two, three, four, five and six) and those claims are DISMISSED WITH PREJUDICE. Plaintiff's state law claims (counts seven, eight, nine, ten, and eleven) are DISMISSED WITHOUT PREJUDICE. This action is terminated.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: March 11, 2013

4